# MCLAUGHLIN & STERN, LLP
**FOUNDED 1898**

**BRETT R. GALLAWAY**
Partner
bgallaway@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

MILLBROOK, NEW YORK
GREAT NECK, NEW YORK
WEST PALM BEACH, FLORIDA
NAPLES, FLORIDA

June 25, 2019

**By ECF**

The Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Vazquez et al. v. CookUnity, LLC et al.*,
            18-cv-09301(AJN)(KHP)

Dear Judge Parker:

      We represent Defendants in the above-referenced matter and write in response to Plaintiffs' wholly improper June 24, 2019 letter submission requesting additional time to now amend their Complaint to add further frivolous claims in what has already been admitted to by Plaintiffs' counsel (Yolanda Rivera, Esq.) *and* determined by the Court to be a case improperly brought before this Court. *See* Dkt. No. 53.

      The Court should be familiar with Plaintiffs' counsels' admittedly frivolous allegations in this matter. As Your Honor may recall, the parties appeared for a discovery hearing on June 17, 2019 in connection with Plaintiffs' failure to fully participate in the May 6, 2019 Court Ordered mediation as well as Plaintiffs' failure to respond to Defendants' discovery requests. *See* Dkt. Nos. 45 & 50. In addition to Plaintiffs' counsel's inability to explain why she was able to produce only 4 of the 15 Plaintiffs for the mediation, respond to Defendants' discovery requests on behalf of all Plaintiffs or even have her clients participate in this litigation; Plaintiffs' counsel admitted, on the record, that this Court has no jurisdiction as there are <u>no minimum wage or overtime violations at issue</u>:

> MS. RIVERA: … So we don't have a dispute about minimum wage and overtime, that's not even a part of this.
>
> ....
>
> THE COURT:  Let me just ask you something.
>
> MS. RIVERA:  Yes.

**MCLAUGHLIN & STERN, LLP**

Hon. Katharine H. Parker
June 25, 2019
Page 2

> THE COURT: It sounds like you're conceding there is no minimum wage issue at this time.
>
> MS. RIVERA: You're right, yes.
>
> THE COURT: So the only claim under federal law that you included in the complaint as I can see, is the violation of the minimum wage provisions. So why is this in Federal Court?
>
> MS. RIVERA: Well that's a good question, Your Honor. I figure at this point, if we want to, again, discuss the issue of the other smaller (indiscernible) subscription delivery, we could have scheduled a settlement and reduced it to that.
>
> THE COURT: Mr. Gallaway?
>
> MR. GALLAWAY: Your Honor, I have no idea why this case is in Federal Court, you just heard plaintiffs' counsel admit that there's no minimum wage violations, there's no overtime violations, there's no violation of the FLSA, we should not be here. In addition to all the other issues surrounding the mediation, which I'm not going to get into right now, plaintiffs' counsel just represented on the record that there's no federal case. This needs to be dismissed with prejudice to be refiled, if they want to, in State Court.
>
> THE COURT: Ms. Rivera, I think, based on what I've heard today, that you ought to be withdrawing this case without prejudice pursuant to Rule 41. And you can then file in State Court if there's only State Court violations. But it just, it seems that this matter wasn't fully researched before it was brought, especially if it's clear that nobody appears to have even been working overtime, and they may not even be entitled to the tips is what I'm hearing from defendants.
>
> So what I'd like you to do is file, enter into a stipulation of dismissal and it should be without prejudice, there will be no Cheeks review connected with that, but this doesn't really belong in this court. I don't have jurisdiction to resolve it unless there's a federal claim, this is not a diversity case. So I'd like you to do that within a week of today.
>
> MS. RIVERA: Okay.
>
> THE COURT: Okay?
>
> MS. RIVERA: I'm only here to get to the truth.

See Exhibit A, Pgs. 11-14.

MCLAUGHLIN & STERN, LLP

Hon. Katharine H. Parker
June 25, 2019
Page 3

In response to the clear directive from the Court, On June 19, 2019, I emailed Plaintiffs' Counsel a proposed Stipulation of Dismissal which only contained three simple caveats: 1) Plaintiffs do not have any claims against Defendants for improper minimum wage or overtime compensation; 2) Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon Court Order, all Plaintiffs hereby dismiss this action as to all Defendants, without prejudice; and 3) Defendants reserve their right to seek all fees and costs incurred in connection with defending this action. *See* Exhibit B.

On June 19, 2019, Plaintiffs' counsel sent an edited version which deleted section one and three. I immediately responded that this is standard language as "[s]ection one memorializes exactly what you represented on the record to the Court (and what Defendants have maintained throughout this litigation), which resulted in the Order that this action be dismissed" and "[s]ection three is simply to clarify our reservation of rights to seek costs and fees associated with filing a knowingly and admittedly improper action in Federal Court which resulted in my client [] incurring significant costs to defend." *Id*. I also represented that Defendants would not seek fees and costs if Plaintiffs agreed to dismiss the action with prejudice. *See Id*. Plaintiffs' counsel then informed me that they would call me to discuss these edits, and like their previous empty promises and conduct which has permeated this litigation, they simply never attempted to confer in good faith despite my multiple further attempts to have a conversation related to the stipulation. *See Id*.

Interesting, on June 21, 2019, Plaintiffs' counsel emailed me again and confirmed that Plaintiffs "can agree to numbers 1 and 2 on the stipulation." *See Id*. Thus, this is the second time that plaintiffs' counsel confirmed <u>there are no valid minimum wage or overtime claims in this litigation.</u> *See Id*. Shockingly, on June 24, 2019, Plaintiffs' counsel submitted an improper letter request to the Court, without conferring with Plaintiffs, which completely contradicts two admissions (the first of which was on the record before Your Honor) that Plaintiffs now apparently have minimum wage claims as a result of purported cost shifting due to a 'tools of the trade' argument. First and foremost, this argument is simply false and another attempt by Plaintiffs' counsel to improperly investigate factual allegations before filing a complaint as Defendants never required any employee to purchase any bicycle and provided all employees with vests and electronic bicycles to use during their employment – which employees voluntarily chose not to use in lieu of their own bikes. More importantly, it completely contradicts Plaintiffs' counsels numerous and prior statements that there <u>were and are no minimum wage violations</u>. *See* Exhibits A & B. This is a clear attempt by Plaintiffs' counsel to grasp for straws, backtrack on their prior sworn representations and force Defendants to continue to incur costs to litigate against admittedly frivolous and false allegations which were not fully investigated before they were brought.

Alarmingly, this is not the first time that Plaintiffs' counsel has engaged in and been sanctioned for such similar conduct. As Your Honor correctly stated at the June 17, 2019 hearing "it just, it seems that this matter wasn't fully researched before it was brought…" Exhibit A, Pg. 14. Other Courts have found Plaintiffs' firm to have engaged in this exact same conduct in the past. See *Gonzalez v 27 W.H. Bake, LLC*, 2017 US Dist LEXIS 36633, at *7 (SDNY Feb. 15, 2017) ("Viewing the swift and near total disintegration of [plaintiffs'] relevant factual allegations in the most generous light possible, it would appear that counsel did nothing more than take

McLaughlin & Stern, LLP

Hon. Katharine H. Parker
June 25, 2019
Page 4

[plaintiffs] at their word (with little or no questioning) before racing off to the courthouse to commence this litigation. The Court is not convinced that this qualifies as a reasonable inquiry under the circumstances."); *see also See Nunez v Bistro NY Dev. Inc.*, 2013 US Dist LEXIS 143408, at *1 (SDNY Oct. 3, 2013) ("Plaintiffs' counsel in this FLSA action, Michael Faillace & Associates, P.C. [] brought suit in the name of a party it did not represent, attempted to negotiate a settlement based upon that representation, and has provided inconsistent descriptions of how these events came to pass."); *see also Marcelino v 374 Food, Inc.*, 2018 US Dist LEXIS 51582, at *2 (SDNY Mar. 27, 2018) (Michael Faillace & Associates, P.C. was forced to withdraw as counsel after their "[p]laintiff ha[d] vastly overstated the period of his employment…to the point of perjuring himself in his testimony to the Court.").

Ironically, Defendants' counsel and Plaintiffs' counsel in this case are currently dealing with yet another nearly identical example of misconduct before Your Honor in a separate case entitled *Sapon v. Uncle Paul's Pizza & Café, Inc. (D/B/A Uncle Paul's Pizza), et al.*; Index No.: 18-cv-4026(VSB)(KHP) ("*Sapon*"). *See Sapon* Dkt. Nos. 68-70.

Furthermore, and as indicated above, plaintiffs'' counsel represented to the Court that they would responds to Defendants' Requests for Admission, when they were due, on June 17, 2019:

> MR. GALLAWAY: In addition, I also served requests for admission, responses to which are due today. Those requests for admission were directed towards obtaining an answer to a question that really should be fairly simple to answer, who are these five missing people, did they go under different names, which sometimes is the case, especially with Mr. Faillace's office. I understand it, sometimes individuals utilize different names. If that's the case, give the different names that they utilize. The RFAs are also targeted to figure out what is the discrepancy with dates, how could you claim to work for a company that simply wasn't in existence for two years. I still don't have responses to those RFAs, they're due today –
>
> MS. RIVERA: We can get them today.

Exhibit A, Pg. 6.

Again, unsurprisingly, Plaintiffs have failed to submit the responses to Defendants' requests for admission, failed to produce all Plaintiffs for the May 6, 2019 *and* the May 22nd make-up mediation, failed to respond to discovery requests, failed to locate or speak with their Plaintiffs and have now failed to abide by a clear Court Order that this case be dismissed based on Plaintiffs' lack of any cognizable federal claims and admission to such.

Plaintiffs' counsel's clear and utter disregard for the facts, law and Your Honor's order is frankly outrageous and should not be countenanced any further by this Court. In addition to Defendants' request, and Your Honor's Order that this frivolous litigation be dismissed, Defendants also now request monetary sanctions for having to continue litigating this admitted charade and waste of judicial resources. Defendants also request that the Court award monetary

MCLAUGHLIN & STERN, LLP

Hon. Katharine H. Parker
June 25, 2019
Page 5

sanctions for Defendants' attorneys' fees and costs in litigating this matter to date and any other relief the Court deems appropriate.

    We sincerely thank the Court in advance for its time and attention to this request.

    Respectfully submitted,

    Brett R. Gallaway, Esq.
    McLaughlin & Stern, LLP
    260 Madison Avenue
    New York, New York 10016
    Tel:  212-448-1100
    Fax:  212-448-0066
    *Attorney for Defendants*

Cc via ECF: Plaintiffs' counsel